## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

EDWIN RIVERA-MONTERO,
      Petitioner,

      v.

WILLIAM TORRES-SANCHEZ, et al,
      Respondents.

**CIVIL NO. 06-1825 (JAG/BJM)**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Edwin Rivera-Montero ("Petitioner" or "Rivera-Montero") filed a *pro se* application of habeas corpus under 28 U.S.C. §2254 to set aside his conviction pursuant to a guilty plea for first degree murder. (Docket No. 1).  Respondents - officials of the Commonwealth of Puerto Rico - have filed a motion to dismiss (Docket No. 18), which Petitioner has not opposed.  This matter was referred to me for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1).  (Docket No. 19).  For the reasons set forth below, I recommend that the motion to dismiss be granted and the petition be denied.

### FACTUAL AND PROCEDURAL BACKGROUND

In 2003, Rivera-Montero was charged with the crimes of homicide, robbery, and weapons law violations in the Puerto Rico Superior Court in Utuado.  That same year, he admitted his guilt for all three offenses pursuant to a plea agreement filed with the court that recommended concurrent sentences of 99 years.  The prosecutor later withdrew the allegation of the use of a firearm, thus enabling Petitioner to receive certain benefits related to his incarceration.  The presiding judge examined the Petitioner pursuant to Rules 70 and 72 of Puerto Rico Rules of Criminal Procedure, and found that the waiver of trial by jury and the guilty plea were free, voluntary, and intelligent.

Edwin Rivera-Montero v William Torres, et al                                    Page 2
Civil No. 06-1825 (JAG/BJM)
**REPORT AND RECOMMENDATION**

The court then sentenced him to concurrent sentences of 99 years, as contemplated by the plea

agreement.

    According to his petition, Rivera-Montero did not challenge his conviction or sentence on

direct appeal.  (Docket No. 1, p. 5).  However, he collaterally attacked his conviction in a motion

filed in the Puerto Rico Superior Court.  Although the parties have not submitted Petitioner's

motion to the Superior Court as part of the record in this case, that motion apparently made

allegations regarding the legality of his arrest, the admissibility of his self-incriminatory statements,

and the adequacy of his attorney. (Docket No. 1, p. 6; Docket No. 18-2, p. 5).  The Superior Court

denied Petitioner's  motion without hearing on September 25, 2005. (Docket No. 1, p. 6; Docket

No. 18-2, p. 5-6).

    Petitioner then sought review from the Puerto Rico Court of Appeals, which denied relief

on April 25, 2006. (Docket No. 1, p. 6-7; Docket No. 18-2). In its written order, the Court of

Appeals noted that while Rule 192.1 of the Puerto Rico Rules of Criminal procedure is "an

appropriate mechanism for a person convicted of a crime to argue deprivation of the right to proper

legal counsel" (Docket No. 18-2, p. 3), the Petitioner's bare allegations were insufficient to rebut

the judge's findings - made after examining the defendant pursuant to the Puerto Rico Rules of

Criminal Procedure -  that Petitioner's guilty plea was knowing and voluntary.  Id., p. 5-6.  The

Court of Appeals further found that Petitioner's guilty plea "constitutes a waiver of fundamental

constitutional rights, among them, the presumption of innocence and the people's obligation to

prove him guilty beyond a reasonable doubt.  Therefore, it is contradictory to argue... that his arrest

was illegal and that the self-incrimination privilege was violated, and to speak now about the quality

of the evidence." Id.  Petitioner then sought review from the Puerto Rico Supreme Court, which

denied relief on August 11, 2006. (Docket No. 18-2, p. 7).

Petitioner next sought relief before this court pursuant to Section 2254.  As before,

Petitioner here alleges that his guilty plea was not knowing and voluntary. In support of this claim,

Petitioner alleges that his attorney induced him to plead guilty, failed to explain the plea documents

that Petitioner signed, and lied to Petitioner's family. (Docket No. 1, p. 11-12).  Petitioner also

again asserts that his conviction was the result of an illegal arrest and forced confession. Id. at 12-

15.  The Respondents have moved to dismiss the petition (Docket No. 18), and Petitioner has not

opposed.

## DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. §2254(d)

(2007) ("AEDPA"), "a federal court cannot grant habeas relief 'with respect to any claim that was

adjudicated on the merits in State court proceedings' unless the state court decision (1) 'was

contrary to, or involved an unreasonable application of clearly established Federal law, as

determined by the Supreme Court of the United States' or (2) 'was based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding.'"

Desrosier v. Bissonnette, 502 F.3d 38, 41-42 (1st Cir. 2007) (quoting 28 U.S.C. §2254(d)).  Thus,

in order to prevail before this court, the Petitioner must demonstrate that the decision of the Puerto

Rico Court of Appeals (denying the same claims Petitioner raises before this court) "suffers from

[one] of these infirmities." Desrosier, 502 F.3d at 42.  As discussed below, the record submitted

by the parties reveals no such infirmities in this case.

Edwin Rivera-Montero v William Torres, et al                                    Page 4
Civil No. 06-1825 (JAG/BJM)
**REPORT AND RECOMMENDATION**

      Petitioner's primary claim is that his guilty plea was not knowing or voluntary because his attorney induced him to plead guilty and failed to explain the plea documents. The Court of Appeals, however, addressed and rejected substantially the same argument in its review of the Superior Court's denial of Petitioner's motion under Rule 192.1.[1]  In doing so, the Court of Appeals noted that the defendant was entitled to proper assistance of counsel under both the Sixth Amendment of the United States Constitution as well as under the Constitution of the Commonwealth of Puerto Rico. (Docket No. 18-2, p. 3).  The Court of Appeals further noted that Rule 72[2] of the Puerto Rico Rules of Criminal Procedure "provides a detailed formal mechanism to file with the Court the terms of a pretrial agreement, both orally and in writing" and requires "that the attorney explain the agreement to the accused and, then, together with the prosecutor submit the plea agreement to the presiding judge.  The judge in open session must personally ascertain the willingness of the agreement, and whether or not the accused is acting freely, voluntarily, and intelligently."  Id. at p. 4.  The Court of Appeals then found that in conformance with these standards "[t]he accused admitted his guilt for the crimes of first-degree homicide, robbery, and

---

      [1] Rule 192.1 provides, in relevant part, "[a]ny person who is imprisoned by virtue of a judgment rendered by any Division of the Court of First Instance and who alleges the right to be released because: (1) The sentence was imposed in violation of the Constitution or the laws of the Commonwealth of Puerto Rico or of the Constitution and laws of the United States; or . . . (4) the sentence is subject to collateral attack for any reason, may file a motion, in the part of the court which imposed the sentence, to vacate, set aside, or correct the judgment."  34 L.P.R.A. Ap. II R. 192.1.

      [2] Rule 72 provides a set of procedures to be applied in all cases in which plea bargaining in involved, including, "When deciding on the acceptance of a plea bargain, the court shall ascertain that the same has been done with the full knowledge, agreement and consent of the accused; that it is convenient for the sound administration of justice and has been achieved in accordance with the law and ethics. To this end, the court may require the prosecutor and the defense counsel to furnish all such information, data and documents in their power and which it deems necessary, and may examine the accused and any other person that in its judgment may be convenient."  34 L.P.R.A. Ap. II R. 72.

Edwin Rivera-Montero v William Torres, et al                                          Page 5
Civil No. 06-1825 (JAG/BJM)
**REPORT AND RECOMMENDATION**

violation of Article 5.05 of the Weapons Act" and that the "presiding judge examined the accused and found that the waiver of trial by jury and the guilty plea were free, voluntary, and intelligent. The judge sentenced him to the maximum of 99 years, all crimes concurrent as recommended in the agreement." Id. at 4-5.  The Court of Appeals concluded that Petitioner's mere allegations of "forced guilty plea and inadequate legal assistance" were "not sufficient to rebut" the findings of the judge that the plea was knowing and voluntary, when made after a direct examination of the accused. Id. at 5-6.

Importantly, Petitioner, in his filing before this court,  has not even alleged, much less demonstrated, that the decision of the Court of Appeals was based on either (1) an unreasonable application of established federal law, or (2) an unreasonable determination of facts.  Desrosier, 502 F.3d at 41-42.  Rather, the record that has been submitted reveals that the standards applied by the Court of Appeals were entirely consistent with the requirements of federal law both as to the defendant's Sixth Amendment right to effective counsel, Hill v. Lockhart, 474 U.S. 52, 58 (1985), and the requirement that the court determine that a defendant's plea of guilty was entered knowingly, voluntarily, and intelligently.  Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005); Fed. R. Crim. P. 11.  In short, the record reveals no unreasonable application of federal law or unreasonable findings of fact by the Puerto Rico court.

Moreover, while the Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel, "'[t]he Constitution does not guarantee a defendant a letter-perfect defense or a successful defense; rather, the performance standard is that of a reasonably effective assistance under the circumstances." Lema v. United States, 987 F.2d at 51 (quoting United States v. Natanel,

Edwin Rivera-Montero v William Torres, et al                                      Page 6
Civil No. 06-1825 (JAG/BJM)
**REPORT AND RECOMMENDATION**

938 F.2d 302, 309-10 (1st Cir. 1991)).  To establish a Sixth Amendment violation, a petitioner must

show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that

but for the error or errors, the outcome would likely have been different.  Strickland v. Washington,

466 U.S. 668, 687 (1984).  This standard applies to challenges to guilty pleas, as well as attacks on

convictions resulting from trials.  Hill, 474 U.S. at 59.  However, such a petition may be summarily

denied where it contains mere bald assertions without specific factual allegations.  Barrett v. United

States, 965 F.2d 1184, 1186 (1st Cir. 1992).  In addition, even a facially adequate petition may be

denied without a hearing where the alleged facts are conclusively refuted by the files and records

of the case.  Id.  Accord Lema , 987 F.2d at 51-52.

Here, Petitioner's statement of supporting facts relating to his claim of ineffective assistance

of counsel consists entirely of assertions that his attorney urged him to plead guilty over Petitioner's

claims of innocence, failed to explain the plea documents, and falsely informed that Petitioner's

family was in agreement.  But these conclusory statements are in conflict with the record that

reveals that the state court judge directly examined Petitioner and found his guilty plea to be

knowing, voluntary, and intelligent.  See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977)

("representation of the defendant, his lawyer, and the prosecutor..., as well as any findings made by

the judge accepting the plea, constitute a formidable barrier in any subsequent collateral

proceedings.... The subsequent presentation of conclusory allegations unsupported by specifics is

subject to summary dismissal, as are contentions that in the face of the record are wholly

incredible.").  Moreover, Petitioner has not submitted any extrinsic evidence - such as affidavits

from family members - supporting his allegations that his attorney had lied to his family or that the

attorney's performance was deficient.  Accordingly, Petitioner's claim of ineffective assistance of counsel should be denied.

The balance of Petitioner's claims concern allegations that his conviction resulted from an illegal arrest and forced, incriminating statements.  These allegations were also addressed and rejected by the Court of Appeals: "Petitioner mixes matters that could have been brought up during the trial, but Mr. Rivera Montero made the decision to submit the [plea] agreement to the [court of first instance].  The fact that there was a pretrial agreement, the option chosen by the accused over a trial by jury, constitutes a waiver of fundamental constitutional rights, among them, the presumption of innocence and the people's obligation to prove him guilty beyond any reasonable doubt.  Therefore, it is contradictory to argue under Rule 192.1 that his arrest was illegal and that the self-incrimination privilege was violated, and to speak now about the quality of the evidence." (Docket No. 18-2, p. 5).

Again, Petitioner makes no claim that the Court of Appeals departed from established federal law or made an unreasonable finding of fact in determining Petitioner had waived these claims by pleading guilty.  Nor could such a claim prove successful since under federal law a guilty plea waives most non-jurisdictional defects caused by the government prior to the guilty plea, including illegal search and seizure, United States v. Cordero, 42 F.3d 697, 698-69 (1st Cir. 1994), and forced confession.  McMann v. Richardson, 397 U.S. 759, 768-69 (1970); United States v. Wright, 873 F.2d 437, 442 (1st Cir. 1989).

In the end, Petitioner has failed to meet his burden of showing that the state court proceeding was defective so as to allow federal habeas relief. Importantly, "state-court judgments must be

Edwin Rivera-Montero v William Torres, et al                                              Page 8
Civil No. 06-1825 (JAG/BJM)
**REPORT AND RECOMMENDATION**

upheld unless, after the closest examination of the state-court judgment, a federal court is firmly

convinced that a federal constitutional right has been violated." <u>Williams v. Taylor</u>, 529 U.S. 362,

388 (2000) (plurality opinion).   I am "unconvinced that anything approaching the unconstitutional

happened here." <u>Desrosier</u>, 502 F.3d at 43.

**CONCLUSION**

For the reasons set forth above, I recommend that the motion for relief under 28 U.S.C. §

2254 (Docket No. 1) be **DENIED** and that Respondent's unopposed motion to dismiss (Docket No.

18) be **GRANTED** .

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule

72(a) of the Local Rules of Court.  Any objections to the same must be specific and must be filed

with the Clerk of Court within ten (10) business days.  <u>See</u> Local Rule 72(d); 28 U.S.C. § 636(b)(1).

Failure to file same within the specified time waives the right to appeal this order.  <u>Henley Drilling</u>

<u>Co. v. McGee</u>, 36 F.3d 143, 150-151 (1st Cir. 1994); <u>United States v. Valencia</u>, 792 F.2d 4, 6 (1st

Cir. 1986.

**IT IS SO RECOMMENDED**.

In San Juan, Puerto Rico, this 2nd day of February, 2009.


                                    <u>*S/Bruce J. McGiverin*</u>
                                    BRUCE J. McGIVERIN
                                    United States Magistrate Judge