IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EDWIN RIVERA MONTERO,
    **Plaintiff**

    **v.**

WILLIAM TORRES SANCHEZ, <u>et</u> <u>al.</u>
    **Respondent(s)**

**CIVIL NO.** 06-1825 (JAG)

**MEMORANDUM AND ORDER**

GARCIA-GREGORY, D.J.

    Petitioner Edwin Rivera Montero ("Petitioner") filed a <u>pro</u> <u>se</u> application of habeas corpus under 28 U.S.C. § 2254 to set aside a conviction imposed by the Puerto Rico Superior Court pursuant to a guilty plea for first degree murder. (Docket No. 1). Respondents, officials of the Commonwealth of Puerto Rico, filed a Motion to Dismiss. (Docket No. 18). The motion was referred to Magistrate Judge Bruce McGiverin who issued a Report and Recommendation that this Court to grant Respondents' Motion to Dismiss. (Docket No. 23). Petitioner then filed his Objections to the Report and Recommendation (Docket No. 24) and Respondents filed their Response (Docket No. 28). For the reasons set forth below, the Magistrate Judge's Report and Recommendation is hereby **ADOPTED** in its entirety and Respondents' Motion to Dismiss is **GRANTED.**

Civil No. 06-1825                                                         2

## FACTUAL AND PROCEDURAL BACKGROUND

In 2003, Petitioner was charged with homicide, robbery and weapons law violations in the Puerto Rico Superior Court in Utuado. The same year he pled guilty to all three offenses pursuant to a plea agreement, which was filed with said court. The prosecutor later withdrew the firearms violation charges. The presiding judge examined the plea agreement pursuant to Rules 70$^1$ and 72$^2$ of the Puerto Rico Rules of Criminal Procedure and found that the guilty plea was free, voluntary and intelligent. The court then sentenced Petitioner to concurrent sentences of 99 years.

According to his petition Petitioner did not directly appeal his sentence. Instead he collaterally attacked the conviction in a motion "for new trial" filed two years later in the Puerto Rico Superior Court pursuant to Rule 192.1 of the Puerto Rico Rules of Criminal Procedure ("Rule 192.1"). Although the parties have not submitted to this Court Petitioner's motion to the Superior Court, the motion apparently made allegations regarding the legality of his arrest, the admissibility of his self-incriminatory statements

---

$^1$Rule 70 reads, "[t]he court shall not accept the plea of guilty without first determining that it is made voluntarily, with understanding of the nature of the charge and of the consequences of said plea." 34 L.P.R.A. Ap. II R. 70.

$^2$Rule 72 specifies the procedure to be followed by the prosecutor, the accused and the court when dealing with a plea agreement.

Civil No. 06-1825                                                    3

and the adequacy and misconduct of his attorney.[3] (Docket No. 1, p. 6; Docket No. 18-2, p. 5). The Superior Court denied Petitioner's motion without a hearing on September 25, 2005.

Subsequently, Petitioner sought review from the Puerto Rico Court of Appeals ("Court of Appeals"), which denied relief on April 25, 2006. (Docket No. 1, pp. 6-7; Docket No. 18-2). The Court of Appeals found that Petitioner's bare allegations were insufficient to rebut the findings made by the judge who sentenced him. According to the Court of Appeals the judge who sentenced Petitioner examined him in open court and found that Petitioner's guilty plea was "free, voluntary and intelligent."(Docket No. 18-2, p. 5). The Court of Appeals further concluded that it was contradictory to argue that his arrest was illegal, that his self-incrimination privilege was violated or that there was a lack of evidence against him after he pled guilty pursuant to a plea agreement because plea agreements constitute waivers of fundamental constitutional rights. Id. The Supreme Court of Puerto Rico denied Petitioner's Certiorari on August 11, 2006. (Docket No. 18-2, Exhibit B).

On August 25, 2006 Petitioner filed before this Court a pro se application of habeas corpus under 28 U.S.C. § 2254 to set aside his conviction. As he did before the State courts, Petitioner

---

[3]The nature of the allegations is obtained from the Puerto Rico Court of Appeals sentence. (Docket No. 18-2, p. 2).

Civil No. 06-1825                                                         4

argues before this Court that his guilty plea was not knowing and voluntary because his attorney induced him to plead guilty, failed to explain the plea documents and lied to Petitioner's family in violation of his Sixth Amendment rights. (Docket No. 1, pp.11-12). He also alleges that his conviction was the result of an illegal arrest and forced confession. Id. at 12-15. Respondents filed a Motion to Dismiss (Docket No. 18), which stands unopposed.

On November 17, 2008 the Motion to Dismiss was referred to the Magistrate Judge. The resulting Report and Recommendation advised that it be granted because the evidence on the record fails to demonstrate that Petitioner's sentence falls into one of the exceptions to the general prohibition against habeas relief set forth in the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. §2254(d). (Docket No. 23, p.3). The exceptions require that the Petitioner demonstrate that the state court decision was either: (1) "contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States"; or, (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(b). The Report and Recommendation stated, "the record reveals no unreasonable application of federal law or unreasonable findings of fact by the Puerto Rico court." (Docket No. 23, p. 5).

The Report and Recommendation specifically concluded that the record shows that the Petitioner was directly examined by the state

Civil No. 06-1825                                                  5

court judge who found that his guilty plea was knowing, voluntary and intelligent. (Docket No. 23, p. 6). It also concluded that, since the Petitioner had not submitted any extrinsic evidence of the alleged Sixth Amendment violations, said claim should be denied. Id. at 6-7. Finally, the Report and Recommendation found that Petitioner's allegations that he was convicted as a result of an illegal arrest and forced confession are meritless under federal law. Id. at 7.

On February 18, 2009 the Petitioner filed Objections to the Report and Recommendation. He contends that: (1) during the plea agreement negotiations and its presentation before the state court he was under the influence of "strong controlled substances-psychiatric medications." (Docket No. 24, p. 3); and, (2) that his attorney did not file a direct appeal of his sentence because of his lawyer's deficient performance. (Docket No. 24, p. 6). This Court will not entertain the rest of the objections contained in Petitioner's Objections to the Report and Recommendation because they are rehashed versions of arguments already considered by the Magistrate Judge. See Castro-Rivera v. Citibank,N.A., 195 F. Supp. 2d 363, 365 (D.P.R. 2002).

## DISCUSSION

Petitioner contends in his Objections to the Report and Recommendation that he was under the influence of controlled substances and psychiatric medications at the time he pled guilty. He argues that these, "blocked petitioner [sic] mind and thoughts

Civil No. 06-1825                                                                 6

and was not capable nor competent to make intelligent and voluntary decisions to such plea." Id. at 3. He also requests a term of sixty (60) days to submit copies of his medical records. Petitioner did not allege this in his petition nor at any time before he submitted his Objections to the Report and Recommendation. Neither did he allege this fact in the proceedings before the Puerto Rico courts.

At this stage of the proceedings, this Court will not allow Petitioner to amend his pleading to include this argument. Said inclusion would be contrary to Rule 15(a) of the Federal Rules of Civil procedure, which only allow amendments before being served with responsive pleadings, with the court's leave or with the opposing party's written consent. However, even if the amendment and the discovery Petitioner requests were allowed, his bare allegation of impaired judgment and his medical records would not be sufficient to defeat the "formidable barrier" constituted by the state judge's acceptance of a plea agreement. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). The record shows that the Puerto Rico Superior Court judge inquired whether Petitioner entered his plea knowingly and voluntarily. (Docket No. 18-2, p. 5). This is sufficient to satisfy the requirement that the record of the guilty plea affirmatively disclose that the Petitioner made his plea intelligently and voluntarily. See U.S. v. Ward, 518 F.3d 75, 83 (1st Cir. 2008) (citing Boykin v. Alabama, 395 U.S. 238 (1969).

Petitioner also contends his lawyer did not directly appeal

Civil No. 06-1825                                                        7

his sentence and said failure violated his constitutional right to a first appeal. (Docket No. 24, p. 5). The Puerto Rico Superior Court and the Court of Appeals reviewed Petitioner's sentence through the motion he presented pursuant to Rule 192.1.[4] Even though his lawyer did not directly appeal his sentence he was able to collaterally attack it through the procedure he carried pursuant to Rule 192.1. The Puerto Rico Superior Court and the Appellate Court reviewed his allegations and denied relief. He also took his allegations to the Supreme Court of Puerto Rico, which denied his Certiorari. Petitioner had a fair chance in the Puerto Rico courts to present the same bare allegations he brings here. Petitioner himself openly acknowledges that he has failed to provide evidence to support his allegations.

In his Objections Petitioner states, "[t]he petitioner with deep pain admits that he has failed to meet and show the Honorable Court his burden of showing of constitutional rights violations and that the state court proceeding was defective so as to allow federal habeas relief." (Docket No. 24, p. 2). This Court concurs with the Report and Recommendation in concluding that "the record

---

[4] Rule 192.1 provides, in relevant part, "[a]ny person who is imprisoned by virtue of a judgment rendered by any Division of the Court of First Instance and who alleges the right to be released because: (1) The sentence was imposed in violation of the Constitution or the laws of the Commonwealth of Puerto Rico or of the Constitution and laws of the United States; or [...] (4) the sentence is subject to collateral attack for any reason, may file a motion, in the part of the court which imposed the sentence, to vacate, set aside, or correct the judgment. The motion for said purposes may be filed at any time." 34 L.P.R.A. Ap. II R. 192.1.

Civil No. 06-1825                                                                8

reveals no unreasonable application of federal law or unreasonable findings of fact by the Puerto Rico court." (Docket No. 23, p. 5).

**CONCLUSION**

For the reasons stated above, Respondents' Motion to Dismiss (Docket No. 18) is **GRANTED**. Judgment shall be entered accordingly. IT IS SO ORDERED.

In San Juan, Puerto Rico, this 24th day of March 2009.


<u>S/Jay A. García-Gregory</u>
JAY A. GARCÍA-GREGORY
United States District Judge